EMMA B. VOSHELL, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ELMER C. VOSHELL, PLAINTIFF, v. FREIHOFER BAKING COMPANY, A CORPORATION, DEFENDANT.

Decided February 24, 1927.

**Negligence—Death of Boy, a Son of the Driver of a Truck, Who was Helping in His Father's Employment—Alleged, Agent of Defendant (the Father) Acted Without the Scope of His Employment, and That Suit was Brought by Representative of an Unemancipated Minor Son Against Defendant to Recover Damages For the Alleged Negligence of the Father—Disputed Cases of Fact, and the Fact That it Might be Shown That the Accident was Not Caused by the Father's Negligence Makes it Necessary to Refuse to Strike Out the Complaint.**

On action at law. On motion to strike out complaint.

For the motion, *Starr, Summerill & Lloyd.*

*Contra, Francis G. Homan.*

The opinion of the court was delivered by

KATZENBACH, J. The complaint in this case alleges that the plaintiff's intestate was a passenger in a truck of the defendant and that the truck was either driven so negligently by the servant of the defendant or was so defective that the steering apparatus became parted or loosened by which control of the truck was lost and plaintiff's intestate thrown from the same. It is further alleged that the death of the plaintiff's intestate was the proximate result of the fall. The servant of the defendant was the father of the plaintiff's intestate. The motion is now made to strike out the complaint upon two grounds—(1) that the agent of the defendant acted without the scope of his authority, and (2) that the suit is brought by the representative of an unemancipated minor son against the defendant to recover damages for alleged negligence of his father.

The defendant has submitted an affidavit of its general manager to the effect that its servant had never been authorized to have anyone as a helper ride on the truck with him and that the rules of the company forbade an employe driving a vehicle to permit anyone to ride on the vehicle unless authorized by the management of the company. The affidavit further states that the automobile, which was being driver at the time of the accident, had been inspected only a very short time before the accident and had been found to be in proper condition.

The plaintiff submits an affidavit of the father of the plaintiff's intestate to the effect that his son was assisting him in the loading and unloading of the wagon and serving customers in and about the business of the defendant company, and that he had never been informed that his boy should not be used for such a purpose, and that the general manager of the defendant company saw the deponent with his son assisting him in his usual occupation, and never informed him that it was a violation of the company's rules. The affidavit further sets forth that the son had assisted other drivers in the same way in the presence of the general manager. The affidavit further sets forth that on the day of the accident he informed his superiors that he was going to take his son to assist him in the work of the company, and that the accident was caused while making deliveries for the company by the breaking or loosening of the steering apparatus.

The disputed questions of fact as revealed by the affidavits upon two essential matters, namely, whether plaintiff's intestate was or was not assisting his father with the knowledge of the defendant, and whether or not the accident was due to a defective truck rather than to the careless operation of the truck, make it unnecessary to consider the legal questions argued by counsel for the defendant. The defendant insists that the contributory negligence of the father bars the plaintiff. The question of contributory negligence is frequently a question of fact for the determination of a jury upon the evi-

dence adduced. If the accident arose by reason of a defective steering apparatus where no proper inspection of the same had been made prior to the use of the truck in the service of the defendant, the queston of contributory negligence, except in so far as it might affect the question as to whether or not the driver of the truck knew of its defective condition, might not enter into the case.

The second legal question which the defendant desires to have decided is that no suit can be maintained by an unemancipated minor child which grows out of his father's negligence. The evidence at a trial might show that the defendant was negligent and responsble for the accident, and not the father.

In view of the disputed questions of fact raised by the affidavits and the allegations of the complaint which have been referred to, it seems to me that this is a case which cannot be disposed of upon this motion, and that the plaintiff is entitled to submit testimony in support of the allegations of the complaint at a trial of the action. The motion to strike out the complaint is therefore denied.